**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLENE CANADY, an individual,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CASE NUMBER: ________________** |
| **v.** | * | **DEMAND FOR JURY TRIAL** |
| | * | |
| **JIM PARKER HOTEL GROUP, LLC, a domestic corporation, d/b/a MICROTEL OPELIKA;** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT

COMES NOW the Plaintiff in the above-styled cause and files this Complaint as follows:

1. The Plaintiff, Charlene Canady, (*hereinafter*, "Plaintiff Canady") is an adult resident citizen of Coffee County, Georgia.
2. The Defendant, Jim Parker Hotel Group, LLC, d/b/a Microtel Opelika, (*hereinafter*, "Defendant Microtel Opelika") is a domestic corporation by virtue of its being incorporated in the state of Alabama and having its principal headquarters located in Auburn, Alabama. Further, upon information and belief, Defendant Microtel Opelika is licensed to transact business in the state of Alabama.

## STATEMENT OF JURISDICTION

3. The Plaintiff, Charlene Canady, is an adult citizen of Coffee County, Georgia.
4. The Defendant, Microtel Opelika, is a domestic corporation by virtue of its being incorporated in Alabama and its headquarters located in Auburn, Alabama.
5. The amount in controversy, with interest and costs, exceeds the sum or value of $75,000.00. Accordingly, there is complete diversity among the parties and this Court has original

jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 between "citizens of different states."

## VENUE

6. Under 28 U.S.C. § 1391(b), venue in the Eastern Division of the Middle District of Alabama is proper due to a substantial part of the events giving rise to the claim occurring in Lee County, Alabama. The controversy complained of by the Plaintiff involves a premises liability action against the Defendant, Microtel Opelika, occurring on the grounds of the Microtel Opelika located in Lee County, Alabama.

## STATEMENT OF THE FACTS

7. On September 22, 2023, the Plaintiff was a guest at Defendant, Microtel Opelika, as a paid guest.
8. As a guest, paying for lodging, the Plaintiff was an invitee of Defendant Microtel Opelika.
9. On or around September 23, 2023, the Plaintiff, along with other members of her party, checked out of the hotel owned and operated by Defendant, Microtel Opelika, and proceeded to the parking lot of the Defendant.
10. Shortly after stepping off the curb, the Plaintiff slipped and fell on the asphalt of the parking lot.
11. Upon closer inspection, there was a substance in the parking lot owned and maintained by Defendant that appeared to be oil or other substance causing the slippery condition in which the Plaintiff fell and was injured.

## COUNT I:
## NEGLIGENCE

12. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

13. Plaintiff avers that on or about September 23,2023, the Plaintiff was a paid guest at the Microtel Opelika and therefore, an invitee.

14. Plaintiff further avers, while she and her family were in the parking lot of the Defendant, she slipped and fell in a dirty, greasy, and/or slippery substance in route to her vehicle. As a result of Plaintiff's fall, she sustained significant personal injury.

15. Plaintiff avers Defendant had a duty to inspect the premises to ensure the safety of invitees, including Ms. Canady.

16. Plaintiff further avers Defendant breached that duty by failing to properly inspect the aforementioned premises.

17. Plaintiff avers that as a result of Defendant's breach of that duty, the Plaintiff slipped and fell.

18. Plaintiff further avers she suffered significant injuries as a result of the breach and required medical intervention.

19. As a direct and proximate result of said negligence, the Plaintiff was caused to be injured and damaged as follows:

    A. Plaintiff suffered a rotator cuff tear in her right shoulder, neck and back pain, severe headaches, left knee pain and bruising. Further, with regard to the rotator cuff tear in her right shoulder, the injury that is the basis of this complaint required surgical intervention.

    B. Plaintiff was caused to incur expenses associated with her medical and rehabilitative care for the injuries sustained as a result of Defendant's negligence and/or wantonness.

20. Plaintiff claims compensatory and punitive damages of Defendant because of Defendants' negligent conduct in connection with Plaintiff's claims made the basis of this suit.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendant, in an amount that would be mete, just and proper under the circumstances.

## COUNT II: WANTONNESS AND/OR WILFULLNESS

21. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.
22. Plaintiff avers, while she and her family were in the parking lot of the Defendant, she slipped and fell in a dirty, greasy, and/or slippery substance in route to her vehicle.
23. Plaintiff further avers, her fall and the injuries she sustained were a proximate result of Defendant's wantonness and/or willfulness in that the Defendant knew, or in the exercise of reasonable care, should have known that a dangerous and slippery substance was on the premises and wantonly maintained the premises and/or willfully ignored the dangerous condition by allowing substances to remain in the parking lot of the premises where business invitees such as Mrs. Canady could slip and fall.
24. Plaintiff avers Defendant wantonly failed to inspect the premises for dangerous conditions such as the presence of slippery substances when it knew, or in the exercise of reasonable care, should have known that such substance would greatly increase the risk that consumers, including Mrs. Canady, could slip and fall on the premises.
25. Plaintiff further avers Defendant wantonly and/or willfully failed to warn Mrs. Canady and others of the aforementioned dangerous conditions on the premises when it knew, or in the exercise of reasonable care, should have known that such conditions existed or likely would exist.

26. Plaintiff avers Defendant acted with a reckless or conscious disregard of the rights and safety of invitees, including Ms. Canady, and was aware that harm would likely result.

27. As a direct and proximate result of said negligence, the Plaintiff was caused to be injured and damaged as outlined in Paragraph 19 of **COUNT I.**

28. Plaintiff claims compensatory and punitive damages of Defendant because of Defendants' negligent conduct in connection with Plaintiff's claims made the basis of this suit.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendant, in an amount that would be mete, just and proper under the circumstances.

Done on this the 25th day of MARCH, 2025.

Respectfully submitted,

WM. CHADWICK LEWIS
(ASB-2336-K74T)
Attorney for the Plaintiff

OF COUNSEL:

Wm. Chadwick Lewis, Esq.
**PHARR & ASSOCIATES**
100 South Bolton Avenue
Sylacauga, Alabama 35150
Telephone: 256-487-6080
Facsimile: 205-749-7828
Email: chad@tpharrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of MARCH, 2025, I served the foregoing Complaint by Certified U.S. Mail, postage prepaid and properly addressed to the following:

**JIM PARKER HOTEL GROUP, LLC**
Attention: James Parker, Registered Agent
2044 South College Street
Auburn, Alabama 36832

OF COUNSEL